PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



———————————————————

JAMES G. ROBERTS, VI,

Plaintiff,

-v-                                                                              21-CV-6187 FPG
                                                                                 ORDER
C.O. JAMES G. BLOWERS, SGT. LOUIS
DIRENZO and C.O. DAVID SYLVESTER,

Defendants.

———————————————————

## INTRODUCTION

*Pro se* Plaintiff, James G. Roberts, VI, an inmate at the Groveland Correctional Facility ("Groveland"), files this action seeking relief under 42 U.S.C. § 1983. ECF No. 1 ("Complaint"). Plaintiff seeks permission to proceed *in forma pauperis*. ECF No. 5. Plaintiff has also moved to be assigned counsel. ECF No. 6. Plaintiff alleges that Defendants used excessive force, failed to protect him and denied him due process at a disciplinary hearing. For the reasons discussed below, the Complaint must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) unless Plaintiff files an amended complaint as directed.

## DISCUSSION

Because Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), and filed an Authorization, ECF No. 2, he is granted permission to proceed *in forma pauperis*. Therefore, under 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's Complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in

which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

I. **The Complaint**

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))[1]; *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

II. **Section 1983 Claims**

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### III. Plaintiff's Allegations

The allegations of the Complaint are presumed true at this stage of the proceedings and tell the following story.[2] Plaintiff alleges only that, on December 17, 2020, Defendant Blowers accused Plaintiff of returning to L-Block, where he was supposed to be, from K-Block, where he was not supposed to be. Complaint at 9. Plaintiff denied having been in the K-Block building saying Blowers "must be blind because [he] didn't see [Plaintiff] come out of K-Block." *Id.*

Plaintiff filed a grievance in which he explained that he and another inmate from K-Block were walking in front of K-Block when Defendant Blowers "closed the yard." *Id.* at 12. Blowers

---

[2] Plaintiff sets forth no allegations in his Complaint, asserting that "there is not enough space on the form to list and/or explain all the facts." Complaint at 4. He has instead merely attached his grievance and other documents. "[A]lthough plaintiff may attach documents to his pleading if he wishes, he is advised that he should plead within the numbered paragraphs of the complaint itself each fact or facts upon which he seeks to pursue a claim." *Ruggiero v. City of Cortland, New York*, 5:17-CV-790, 2018 WL 5983505, at *19 (N.D.N.Y. Nov. 14, 2018). Additional pages may be attached for this purpose as necessary.

directed Defendant Sylvester to stop Plaintiff, and Sylvester then escorted Plaintiff "into the L-Lobby Rec. Room." *Id.* Defendant "Blowers came rushing into the L-Lobby Rec. Room and started punching me 4 times in my ribs and right side. There was no provocation for him to do that." *Id.* Defendant Sylvester did not intervene. *Id.*

A Tier II disciplinary hearing was held by Defendant DiRenzo on allegations of False Statements and Out of Place charges against Plaintiff. *Id.* at 15. Both charges were sustained, and Plaintiff lost fifteen days of recreation. *Id.* In the written explanation, Hearing Officer DiRenzo credited Defendant Blowers' testimony that he observed Plaintiff "leave the K-Block entrance door." *Id.* It was noted that the K-Lobby officer did not observe Plaintiff inside the building, but also that he had other responsibilities and "may not have witnessed an inmate leaving." *Id.* Plaintiff's inmate witness said that Plaintiff did not enter the building, but admitted that Plaintiff was "in front of K-Block at the time of the incident." *Id.*

Plaintiff appealed the disciplinary finding, arguing that finding him guilty solely "based on the officer who wrote the ticket [] defeats the purpose of a hearing [and] violates my due process rights to a fair and impartial hearing." *Id.* at 19. Plaintiff's grievances regarding the excessive use of force allegations against Defendant Blowers were investigated and dismissed as being without merit. *Id.* at 21. Plaintiff appealed the denial, alleging that the photos taken of him after the incident were not reviewed, nor was the report prepared by the nurse regarding Plaintiff's allegations. *Id.* at 23. Further, Plaintiff complained that Defendant DiRenzo was investigating an incident in which he himself was accused of wrongdoing. *Id.* Plaintiff accuses Defendant Blowers of using excessive force, Defendant Sylvester of failure to protect, and Defendant DiRenzo of denying him due process.

4

A.     **Excessive Force Claims**

The standard for determining whether prison officials have violated the Eighth Amendment by using excessive physical force was clarified by the United States Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992). According to *Hudson*, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. To assess an Eighth Amendment claim, the Court must consider both the subjective and the objective components of the alleged violations. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994). The objective component considers the "seriousness of the injury." *Id.*

The Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. The subjective component addresses whether the defendant possessed a "wanton" state of mind while engaging in the use of force. *Id.* at 6-7. "Punishments 'incompatible with the evolving standards of decency that mark the progress of a maturing society' or 'involv[ing] the unnecessary and wanton infliction of pain' are 'repugnant to the Eighth Amendment.'" *Id.* at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

Plaintiff's allegations of the use of excessive force are conclusory, saying only that there was no provocation for the four times Defendant Blowers struck him, and he has not set forth the nature of his injuries. "It is the conclusory nature of [Plaintiiff]'s allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

"[W]hen corrections officers maliciously and sadistically use force to cause harm to a prisoner, and the prisoner suffers at least some injury, the result is cruel and unusual punishment

5

under the Eighth Amendment, regardless of the seriousness or significance of the injury to the prisoner." *Henry v. Dinelle*, 929 F. Supp. 2d 107, 117 (N.D.N.Y. 2013) (citing *Hudson*, 503 U.S. at 9). To present a violation of the Eighth Amendment based on the excessive use of force, a plaintiff must plausibly allege that the force was used to cause harm, rather than in a good-faith effort to maintain or restore discipline. *See id.* at 116. The need for the use of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by responsible corrections officers, any efforts made to temper the severity of the forceful response, and the extent of the injury suffered by the plaintiff can all be considered by the Court. *Id.* at 116-117.

The Court finds that the assertion that Defendant Blowers struck Plaintiff four times is insufficient to state an excessive force claim. The pleadings provide little information concerning the circumstances surrounding this incident or the nature of Plaintiff's injuries, if any. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) ("The extent of injury may also provide some indication of the amount of force applied."). The Court cannot assess the need for the level of force described, and there is no non-conclusory allegation that Defendant used the force to cause harm, rather than to maintain or restore discipline as he took custody of Plaintiff. Consequently, Plaintiff has failed to present either component of an excessive force claim, however, leave to amend is granted. *See Davidson*, 32 F.3d at 31 ("Sparse pleadings by a *pro se* litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

B.     **Failure to Protect Claim**

Plaintiff alleges further that Defendant Sylvester failed to intervene when Defendant Blowers struck Plaintiff. The Court views this as alleging a claim under the Eighth Amendment, which requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The assessment of whether the measures taken are reasonable turns on an analysis of two factors. First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Second, the officials must be shown to have demonstrated a deliberate indifference to the inmate's safety. *Id.* Deliberate indifference must be measured subjectively, that is,

> a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to [the] inmate['s] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Prison officials can be held liable under 42 U.S.C. § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence. *See Curley v. Vill. of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (citing *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). The factual allegations in the Complaint do not plausibly allege an excessive use of force, therefore claims of failure to protect are also subject to dismissal, but leave to amend is granted.

C.     **Due Process Claims**

Plaintiff alleges that his right to due process was violated because Defendant DiRenzo affirmed the out of place and false statement allegations based solely on the testimony of Defendant Blowers. To present a due process violation, Plaintiff must demonstrate that he possessed a protected liberty interest and that he was deprived of that interest without due process. *See Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313,

7

316 (2d Cir. 1996). If Plaintiff does not allege such an interest, the cause of action is subject to dismissal. *See Frazier*, 81 F.3d at 317-18.

To the extent that Plaintiff alleges that he was sentenced to fifteen days of loss of recreation as a result of his misbehavior ticket, this fails to present a due process violation. To establish the existence of a protected liberty interest, a prisoner must (1) "establish that the confinement or restraint complained of creates an 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life;'" *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)), and (2) "establish that 'the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint,'" *id.* (quoting *Frazier*, 81 F.3d at 317).

"[T]he duration of the challenged confinement, while not determinative, is a significant factor under *Sandin*. Although the Second Circuit has declined to provide a bright-line rule as to what duration of punitive confinement implicates a prisoner's constitutional rights, general guidelines have been defined." *Jackson v. Relf*, No. 919CV00193MADTWD, 2020 WL 3038607, at *4 (N.D.N.Y. Jan. 6, 2020), *report and recommendation adopted*, No. 919CV193MADTWD, 2020 WL 1025297 (N.D.N.Y. Mar. 3, 2020) (citing *Palmer v. Richards*, 364 F.3d 60, 64 (2d Cir. 2004)); *see also Bunting v. Nagy*, 452 F. Supp. 2d 447, 455-56 (S.D.N.Y. 2006) ("[T]he outer contours of the amount of time [in disciplinary confinement] will implicate (or not) a protected liberty interest has been fairly established."). "'[N]ormal' SHU conditions, . . . if imposed for a period of up to 101 days, generally do not constitute 'atypical' conditions of confinement." *Bunting*, 452 F. Supp. 2d at 456 (citing *Ortiz v. McBride*, 380 F.3d 649, 655 (2d Cir. 2004) and *Sealey v. Giltner*, 197 F.3d 578, 589)). "A period of confinement between 101 and 305 days is considered to be an 'intermediate duration' and could implicate a liberty interest should a detailed

8

record of the conditions of confinement indicate that it was an atypical and significant hardship." *Bunting,* 452 F. Supp. 2d at 456 (citing *Sealey,* 197 F.3d at 589). Plaintiff has alleged no period of atypical confinement, merely a loss of privileges.

Further, in general, an inmate has "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest." *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986). Thus, an allegation of false statements by a prison official, alone, does not state a cognizable claim that Plaintiff's due process rights were violated. There are two exceptions to this rule: "when an inmate is able to show either (1) that he was disciplined without adequate due process as a result of the report; or (2) that the report was issued in retaliation for exercising a constitutionally protected right." *Willey v. Kirkpatrick,* 801 F.3d 51, 63-64 (2d Cir. 2015) (internal quotations and citation omitted). The Complaint alleges neither.

Finally, Plaintiff's allegations that Defendant DiRenzo affirmed the allegations of misconduct on the testimony of Defendant Blowers alone does not state a cognizable claim of bias in violation of due process. An inmate is entitled to have his disciplinary hearing conducted by an impartial hearing officer. *See, e.g., Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Russell v. Selsky,* 35 F.3d 55, 59 (2d Cir. 1994); *Patterson v. Coughlin,* 905 F.2d 564, 569-70 (2d Cir. 1990) ("an impartial decisionmaker is one who, inter alia, does not prejudge the evidence and who cannot say ... how he would assess evidence he has not yet seen"). However, "[t]he degree of impartiality required of prison officials does not rise to the level of that required of judges generally. It is well recognized that prison disciplinary hearing officers are not held to the same standard of neutrality as adjudicators in other contexts." *Allen v. Cuomo,* 100 F.3d 253, 259 (2d Cir. 1996).

Plaintiff alleges no enhanced confinement, merely a two-week loss of recreation, and he makes no plausible claim of bias. Plaintiff therefore has established neither a protected liberty interest mandating due process nor any due process violation. However, leave to amend is granted.

## IV. Counsel Request

Plaintiff has filed a Motion requesting assignment of counsel. ECF No. 6. In deciding whether to appoint counsel, the Court should first determine whether the indigent's position seems likely to be of substance, and if the claim meets this threshold requirement, the Court should then consider a number of other factors in making its determination. *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). This action was only recently commenced. Defendants have not yet responded to the allegations contained in Plaintiff's Complaint, and the only facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of Plaintiff's Complaint wherein he states the facts surrounding his claims. At this stage, the Court lacks sufficient information to consider the factors set forth in *Hodge*. Further, the case will not be going forward unless Plaintiff files an amended complaint. Plaintiff's request for appointment of counsel is therefore denied without prejudice as premature.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed *in forma pauperis* is granted. The Complaint must be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A unless Plaintiff files an amended complaint by **forty-five (45) days from the date of this Order**, in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to **completely replace** the prior complaint in the action. "It is well established that an amended complaint ordinarily supersedes

the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (*quoting Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's amended complaint must include all of the allegations against each of the Defendants, so that the amended complaint may stand alone as the sole complaint in this action which the Defendants must answer.

Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). See 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED that Plaintiff's application to proceed *in forma pauperis* is granted;

FURTHER, that Plaintiff's request for counsel is denied without prejudice as premature;

FURTHER, that Plaintiff is granted leave to file an amended complaint, only with regard to the claims set forth in the Complaint, as directed above by **forty-five (45) days from the date of this Order**;

FURTHER, that the Clerk of Court is directed to send to Plaintiff with this Order a copy of the original Complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, the Clerk of Court shall close this case as dismissed with prejudice for failure to state a claim on which relief may be granted without further order;

FURTHER, that if Plaintiff does not file an amended complaint as directed above, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would

not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
FRANK P. GERACI, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: April 21, 2021
Rochester, NY