UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES G. ROBERTS, VI,

    Plaintiff,

-v-                                                  21-CV-6187 FPG
                                                    ORDER

C.O. JAMES G. BLOWERS, SGT. LOUIS
DIRENZO and C.O. DAVID SYLVESTER,

    Defendants.
_____

## INTRODUCTION

*Pro se* Plaintiff, James G. Roberts, VI, an inmate at the Groveland Correctional Facility ("Groveland"), filed this action seeking relief under 42 U.S.C. § 1983. ECF No. 1 ("Complaint"). Plaintiff was granted permission to proceed *in forma pauperis*. ECF Nos. 5, 7. Plaintiff alleged that Defendants used excessive force, failed to protect him and denied him due process at a disciplinary hearing. Following review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Complaint was dismissed with leave to amend. ECF No. 7 ("Initial Review Order").

Specifically, the Court found that Plaintiff's excessive force allegations were conclusory, and that his due process allegations failed to establish a liberty interest triggering the protections of due process. Before the Court is Plaintiff's Amended Complaint. ECF No. 10 ("Amended Complaint"). For the reasons below, service of the Amended Complaint is directed.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), this Court must screen this Amended Complaint. Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*,

1

391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

## I. The Amended Complaint

In evaluating the Amended Complaint, the Court must accept all factual allegations as true and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))[1]; *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) (discussing pleading standard in pro se cases after *Twombly*: "even after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004).

## II. Section 1983 Claims

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

2

*Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

## III. Plaintiff's Allegations

The allegations of the Amended Complaint are presumed true at this stage of the proceedings and tell the following story. On December 17, 2020, Defendant Blowers accused Plaintiff of returning to L-Block, where he was supposed to be, from inside the K-Block dorm, where he was not allowed. Amended Complaint at 5. Plaintiff needed to use the bathroom but was detained by Defendant Sylvester. *Id.* at 6. "Blowers delivered four hard blows to both sides of Plaintiff's lower ribs (kidney and liver)" which caused so much pain that Plaintiff "wet his pants." *Id.* Plaintiff is five feet, seven inches tall, weighs 135 pounds and has a heart condition, while Defendant Blowers is approximately six feet, two inches tall and weighs 200 pounds. *Id.* at 7. Further, "Plaintiff had offered no resistance and was in a prone position not requiring the use of" force by Blowers. *Id.* The next day, when Plaintiff was given a medical evaluation, he was

3

still "feeling extreme pain and cramps on both sides of his lower body and stomach" and his injuries were photographed. *Id.*

Neither Defendant Sylvester nor Defendant DiRenzo (who is a Sergeant and the area supervisor), intervened to stop the assault despite being present and observing the use of force. *Id.* Plaintiff accuses Defendant Blowers of using excessive force, and Defendants Sylvester and DiRenzo of failing to protect him from Defendant Blowers.[2]

## IV. Analysis

### A. Excessive Force Claim

The standard for determining whether prison officials have violated the Eighth Amendment by using excessive physical force was clarified by the United States Supreme Court in *Hudson v. McMillian*, 503 U.S. 1 (1992). According to *Hudson*, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. To assess an Eighth Amendment claim, the Court must consider both the subjective and the objective components of the alleged violations. *Davidson v. Flynn*, 32 F.3d 27, 29 (2d Cir. 1994).

The objective component considers the "seriousness of the injury." *Id.* The Eighth Amendment "excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10. The subjective component addresses whether the defendant possessed a "wanton" state of mind while engaging in the use of force. *Id.* at 6-7. "Punishments incompatible with the evolving standards of decency that mark the progress of a maturing society or involving the

---

[2] Plaintiff's due process claims in the Complaint were dismissed with leave to amend, but he does not raise such claims in the Amended Complaint. These are deemed abandoned. *See, e.g., Elliott v. City of Hartford*, 649 F. App'x 31, 33 (2d Cir. 2016) (claims not raised in "amended complaint . . . therefore were abandoned before the district court.").

4

unnecessary and wanton infliction of pain are repugnant to the Eighth Amendment." *Id.* at 10 (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)).

"[W]hen corrections officers maliciously and sadistically use force to cause harm to a prisoner, and the prisoner suffers at least some injury, the result is cruel and unusual punishment under the Eighth Amendment, regardless of the seriousness or significance of the injury to the prisoner." *Henry v. Dinelle*, 929 F. Supp. 2d 107, 117 (N.D.N.Y. 2013) (citing *Hudson*, 503 U.S. at 9). To present a violation of the Eighth Amendment based on the excessive use of force, a plaintiff must plausibly allege that the force was used to cause harm, rather than in a good-faith effort to maintain or restore discipline. *See id.* at 116. The need for the use of force, the relationship between the need for force and the amount of force used, the threat reasonably perceived by responsible corrections officers, any efforts made to temper the severity of the forceful response, and the extent of the injury suffered by the plaintiff can all be considered by the Court. *Id.* at 116-117; *see also Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

The Court finds that the allegations are sufficient at this early stage to warrant service and an answer by Defendant Blowers. *See Randolph v. Griffin*, 816 F. App'x 520, 524 (2d Cir. 2020) ("our Court has reversed summary dismissals of Eighth Amendment claims of excessive force even where the plaintiff's evidence of injury was slight and the proof of excessive force was weak." quoting *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016)).

### B. Failure to Protect Claim

Plaintiff alleges further that Defendants Sylvester and DiRenzo, area supervisor, were present, held Plaintiff until Blowers arrived and failed to intervene when Defendant Blowers

5

repeatedly struck Plaintiff, who was offering no resistance. The Court views this as alleging a claim under the Eighth Amendment, which requires prison officials to take reasonable measures to guarantee the safety of inmates in their custody. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). The assessment of whether the measures taken are reasonable turns on an analysis of two factors. First, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Second, the officials must be shown to have demonstrated a deliberate indifference to the inmate's safety. *Id.* Deliberate indifference must be measured subjectively, that is,

> a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to [the] inmate['s] health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837. Prison officials can be held liable under 42 U.S.C. § 1983 for failing to intervene in a situation where another official is violating an inmate's constitutional rights, including the use of excessive force, in their presence. *See Curley v. Village of Suffern*, 268 F.3d 65, 72 (2d Cir. 2001) (citing *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). The factual allegations in the Amended Complaint are sufficient to warrant service and an answer on the part of Defendants Sylvester and DiRenzo.

### C. Official Capacity Claims

Plaintiff sues all three Defendants in their individual and official capacities. Amended Complaint at 2. The Eleventh Amendment bars federal courts from exercising subject matter jurisdiction over claims against states absent their consent to such suit or an express statutory waiver of immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). It is well-settled that states are not "persons" under § 1983, and thus Eleventh Amendment immunity is not abrogated by that statute. *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 65-66 (1989).

6

The Eleventh Amendment bar extends to agencies and officials sued in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Hafer v. Melo*, 502 U.S. 21, 27 (1991) (Just as states and state agencies are not "persons" under § 1983, state officers acting in their official capacities are not "persons" since they assume the identity of the government that employs them.). Plaintiff may therefore sue the Defendants in their official capacity only if they consent to be sued. *Pennhurst*, 465 U.S. at 140-141. Since none have consented, the Eleventh Amendment bars Plaintiff's suit against the Defendants in their official capacity.

**ORDER**

IT HEREBY IS ORDERED that Plaintiff's official capacity claims are dismissed with prejudice;

FURTHER, that Plaintiff's excessive force and failure to protect claims may proceed to service and the Clerk of Court is directed to cause the United States Marshal Service to serve copies of the Summons, Amended Complaint and this Order upon Defendants Blowers, DiRenzo and Sylvester without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, that the Clerk of Court is directed to forward a copy of this Order by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office <Ted.O'Brien@ag.ny.gov>.; and

FURTHER, that the Clerk of Court utilize the mailing address for non-inmate mail provided by the New York State Department of Corrections and Community Supervision's website, http://www.doccs.ny.gov/faclist.html., as needed;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g), the served Defendants are directed to respond to the Complaint.

SO ORDERED.

_____
FRANK P. GERACI, JR.
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: June __, 2021
Rochester, NY