UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES G. ROBERTS, VI,

                                                 Plaintiff,                  Case # 21-CV-6187-FPG

v.                                                                                DECISION AND ORDER

C.O. JAMES G. BLOWERS, et al.,

                                                Defendants.
_____

## INTRODUCTION

On February 25, 2021, *pro se* Plaintiff James G. Roberts, VI, brought this action against Defendants Corrections Officer James G. Blowers, Sergeant Louis DiRenzo, and Corrections Officer David Sylvester, for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983 while he was an inmate at Groveland Correctional Facility. ECF No. 1. He also moved for *in forma pauperis* ("IFP") status but did not provide all of the required information. ECF No. 2. Accordingly, on March 5, 2021, the Court denied Plaintiff's motion to proceed IFP without prejudice and administratively terminated the action. ECF No. 3.

Plaintiff refiled the motion to proceed IFP and filed a new motion to appoint counsel on March 25, 2021. ECF Nos. 5, 6. On April 22, 2021, the Court granted the motion to proceed IFP, reopened the case, and denied the motion to appoint counsel. ECF No. 7. Plaintiff filed an amended complaint on May 28, 2021, ECF No. 10, and the Court screened the amended complaint on June 28, 2021, allowing some claims to proceed to service but dismissing others. ECF No. 11.

Presently before the Court is Plaintiff's motion for default judgment, filed on August 13, 2021—before Defendants were served. ECF No. 19. The summonses were returned executed on August 16, 2021. ECF No. 18. For the reasons that follow, the Court denies Plaintiff's motion.

1

## DISCUSSION

Federal Rule of Civil Procedure 55 sets forth the method for obtaining a default judgment. *See Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). First, the plaintiff must secure an entry of default from the Clerk of Court, which requires a showing "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend" itself in the action brought against it. Fed. R. Civ. P. 55(a). Next, once the plaintiff has obtained an entry of default, he may seek a default judgment. Fed. R. Civ. P. 55(b).

Here, Plaintiff asks for a default judgment, but he did not first obtain an entry of default from the Clerk of Court as Rule 55(a) requires. Moreover, there is no evidence that Defendants are in default because they were served on August 16, 2021—after the motion for default judgment was filed—and, pursuant to this Court's standing order regarding prisoner civil rights cases entered on September 28, 2012, Defendants' answers are not due until October 5, 2021. Accordingly, the Court cannot enter default judgment against Defendants. *See Dorrough v. Harbor Sec., LLC.*, No. 99 CV 7589(ILG), 2002 WL 1467745, at *3 (E.D.N.Y. May 10, 2002) ("[W]here service of process has not been properly effected, the court lacks personal jurisdiction over the defaulting defendant, and a default judgment entered against him is void and must be vacated."). Thus, for all of these reasons, Plaintiff's motion must be denied.

## CONCLUSION

Plaintiff's motion for default judgment, ECF No. 19, is DENIED.

IT IS SO ORDERED.

Dated: September 21, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York