UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES G. ROBERTS, VI,

                            Plaintiff,

      v.

JAMES G. BLOWERS, et al.,

                         Defendants.
_____

ORDER

21-CV-6187-FPG-MJP

**Pedersen, M.J.** On October 12, 2021, and again on October 18, 2021, Plaintiff James G. Roberts ("Plaintiff") filed letter motions asking the Court to reconsider its prior decision denying the appointment of *pro bono* counsel. (Letter Mots., ECF Nos. 34 & 36.)

The Court construes this as a renewed motion rather than a motion for reconsideration. *Cf. Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (instructing courts to liberally construe *pro se* filings "to raise the strongest arguments that they suggest"). Plaintiff raises new issues for why he believes he should receive counsel, stating, that he is "a layman of the law," and that Defendants' counsel "is better equipped with the proper investigative tools and other resources to gather relevant information and evidence." (Letter at 1, ECF No. 36.) For the reasons stated below, the Court denies appointment of counsel at this time. Plaintiff may make another motion for appointment of counsel in the future. The Court encourages

Plaintiff to contact the Pro Se Assistance Program, by either calling (585) 295-5709 or going to the website www.legalhelprochester.com.

There is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants under 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23 (2d Cir. 1988), courts have broad discretion in determining whether such assignments are warranted. *In re Martin-Trigona,* 73 7 F.2d 1254 (2d Cir. 1984). Motions for appointment of counsel are often not granted because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 172 (2d Cir. 1989). In deciding whether to appoint counsel, the court must carefully consider the relevant factors, which include: 1) Whether the indigent's claims seem likely to be of substance; 2) Whether the indigent is able to investigate the crucial facts concerning his claim; 3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 4) Whether the legal issues involved are complex; and 5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

First, Plaintiff's claim appears to be of substance, weighing in favor of appointment of counsel. Both the amended complaint and the answers outline a valid claim. (Am. Compl., ECF No. 10; Answer by defendant Blowers, ECF No. 26; Answer by defendant DiRenzo, ECF No. 27; Answer by defendant Sylvester, ECF No. 28.)

Second, Plaintiff has shown that he is able to investigate facts crucial to his claim. Several letters indicate that Plaintiff is attentive to this matter. (Letter from Plaintiff to the Court, ECF No. 38; Letter from Plaintiff to the Court, ECF No. 43.) Plaintiff raised legal issues in a motion for default judgment that also indicate he can understand the facts of this case, even if he is having some difficulty with the law. (ECF No. 19.) For the same reasons, the Court is not persuaded that cross-examination will be needed. Thus, the third factor does not currently favor appointing counsel.

Fourth, the legal issues in this case do not appear complex. Thus, this factor does not favor appointing counsel at the present time.

Fifth, Plaintiff believes he will have difficulty responding to discovery because he is "a layman of the law" facing the Attorney General's office which "is better equipped with the proper investigative tools and other resources." (Letter at 1, ECF No. 36.) The parties are not far along into discovery, however, if Plaintiff has problems in responding to discovery, he may renew his motion for appointment of counsel.

For the reasons stated, the Court denies Plaintiff's motions for appointment of counsel (ECF Nos. 39 & 42) without prejudice. Plaintiff is encouraged to contact the

Pro Se Assistance Program, by either calling (585) 295-5709 or going to the website

www.legalhelprochester.com.

SO ORDERED.

Dated:   March 21, 2022
         Rochester, New York

                                       MARK W. PEDERSEN
                                       United States Magistrate Judge