UNITED STATES DISTRCIT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

JAMES G. ROBERTS, VI,

         Plaintiff,

v.

C.O. JAMES G. BLOWERS, SGT. LOUIS
DIRENZO and C.O. DAVID SYLVESTER,

         Defendants.

———————————————————————

DECISION AND ORDER

Case No. 21-CV-6187-FPG

## INTRODUCTION

*Pro se* Plaintiff, James G. Roberts, IV ("Plaintiff"), brings this civil-rights action against Defendants C.O. James G. Blowers, Sgt. Luis DiRenzo, and C.O. David Sylvester ("Defendants"). Pending before the Court is Defendants' motion to dismiss for failure to prosecute pursuant to Federal Rules of Civil Procedure 37 and 41. ECF No. 47. Plaintiff did not timely respond to Defendants' motion but later sought a *nunc pro tunc* extension of time to do so, which the Court granted. ECF Nos. 50, 51. Defendants filed a reply to Plaintiff's response and a declaration in further support of their pending motion. ECF Nos. 53, 54. For the reasons set forth below, Defendants' motion is DENIED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff's operative complaint (the "Amended Complaint") was filed on May 28, 2021. ECF No. 10. On June 28, 2021, this Court issued a Decision and Order pursuant to §§ 1915(e)(2)(B) and 1915A, dismissing Plaintiff's official capacity claims with prejudice but permitting his excessive force and failure to protect claims to go forward. ECF No. 11. On

September 28, 2021, Defendants each filed an Answer to the Amended Complaint.  ECF Nos. 26, 27, 28.

This case was subsequently referred to United States Magistrate Judge Mark W. Pedersen to preside over all pretrial matters excluding dispositive motions.  ECF No. 29.  On November 10, 2021, Judge Pedersen held a Scheduling Conference with the parties and, on November 29, 2021, issued a Scheduling Order governing various guidelines and deadlines for discovery and dispositive motions.  ECF Nos. 39, 40.  That same day, Plaintiff was mailed copies of Judge Pedersen's Scheduling Order.  ECF No. 40.

On December 6, 2021, Defendants filed their initial discovery disclosure pursuant to Federal Rule of Civil Procedure 26.  ECF No. 41.  On December 13, 2021, Plaintiff sent a copy of a letter addressed to defense counsel to the Court in which he, *inter alia*, requested that defense counsel resend certain documents, which—based on the context of the letter—the Court understands to be Defendants' initial discovery disclosure.  ECF No. 43.

On December 14, 2021, defense counsel replied to Plaintiff's letter, stating "[p]lease kindly note that pursuant to the scheduling order of the Court dated November 29, 2021, I filed and mailed the initial disclosure on December 6, 2021."[1]  ECF No. 42.

No action occurred on the case docket between December 14, 2021 and February 4, 2022, on which date Defendant filed a Notice of Deposition which stated "that commencing at 10:00 a.m. on the 8th day of March, 2022*, via webex* at the Groveland Correctional Facility the defendants in the above entitled action will take the deposition of the plaintiff, James Roberts, pursuant to the Federal Rules of Civil Procedure."  ECF No. 44 at 1.  A copy of that Notice was

---

[1] There is no indication that Defendants resent their initial disclosure to Plaintiff after his letter asking them to do so.

mailed to Plaintiff at his address of record with the Court at that time, which was at the Groveland Correctional Facility.  *Id.* at 3.

On March 21, 2022, Judge Pedersen issued an Order which denied without prejudice Plaintiff's pending letter motions, ECF Nos. 34, 36, (filed in October 2021) which had renewed his request for appointment of counsel.  ECF No. 45.  That Order also encouraged Plaintiff to contact the Pro Se Assistance Program should he need assistance.  *Id.* at 3-4.  A copy of that Order was mailed to Plaintiff's address on file with the Court.  *See* Docket Entry accompanying ECF No. 45.  On March 31, 2022, Judge Pedersen's Order was returned to the Court as "undeliverable." ECF No. 46.

On April 4, 2022, Defendants filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 37 and 41(b).  ECF No. 47.  This Court issued a Text Order on April 5, 2022, setting the following briefing schedule with respect to that motion: "Plaintiff has until 4/29/2022 to respond to Defendants' [ ] Motion and the Defendants may reply by 5/6/2022."  ECF No. 48. That scheduling order was mailed to Plaintiff at his address of record with the Court—again, the Groveland Correctional Facility address.  *Id.*  On April 11, 2022, the Court's April 4, 2022 Text Order was returned to the Court as "undeliverable."  ECF No. 49.

Between April 11, 2022 and August 30, 2022 no action took place on the case docket and Plaintiff's deadline to respond to Defendant's motion passed on April 29, 2022 without Plaintiff seeking an extension or making any contact with the Court.  On August 31, 2022, before the Court could resolve Defendants' pending motion to dismiss, Plaintiff filed a letter motion seeking a *nunc pro tunc* extension of time to respond.  ECF No. 50.  Plaintiff's letter motion had a return address from Greene Correctional Facility and Plaintiff indicated that he had "been returned to DOCCS

custody"—suggesting that he had been back in the community prior to being reincarcerated.  ECF No. 50 at 1.

In his letter motion, Plaintiff acknowledged that he had "missed a few deadlines for motions."  *Id.*  To explain his delinquency, Plaintiff asserted that he "[had] not had access to the law library do [sic] to being in Elmira Reception and not having acces [sic] to the law library."  *Id.*  Plaintiff requested copies "of any and all motions that are relevant to the above mentioned case" and also requested "to have a conference schedualed [sic] to reestablish a time line for motions due to the current incarceration for a parole violation."  *Id.*

On September 1, 2022, the Court granted Plaintiff's letter motion insofar as it permitted him to file a response to Defendant's pending motion to dismiss by September 26, 2022.  ECF No. 51.  On September 26, 2022, Plaintiff filed a Notice of Change of address indicating that he had been transferred to Marcy Correctional Facility and requested that his address of record be updated.  ECF No. 52 at 1.  In addition, Plaintiff renewed his request for "a copy of every document, letter and motion pertaining to [this] case."  *Id.*  Plaintiff's address was subsequently updated to reflect his address at Marcy Correctional Facility and that remains his current address of record with the Court.  Plaintiff's request for documents remains pending and will be addressed below.

On September 28, 2022, Plaintiff filed a response in opposition to Defendants' motion to dismiss in which he argued against dismissal based on several grounds discussed more fully below.  ECF No. 53.  Defense counsel filed a declaration and reply brief on behalf of Defendants on September 30, 2022.  ECF No. 54.

**DISCUSSION**

**I.     Failure to Prosecute**

Federal Rule of Civil Procedure 41(b) authorizes the district court to dismiss an action

when a plaintiff fails to prosecute or to comply with the Federal Rules of Civil Procedure or a court

order. *Lucas v. Miles,* 84 F.3d 532, 534-35 (2d Cir. 1996).  The district court's discretion to dismiss

a case under Rule 41(b) for failure to prosecute is not limitless, and the record must be reviewed

as a whole.  *Link v. Wabash R. Co.*, 370 U.S. at 626, 630 (1962); *see also LeSane v. Hall's Sec.*

*Analyst, Inc.*, 239 F.3d 206, 209-10 (2d Cir. 2001).

Although not specifically defined in Rule 41(b), the Second Circuit Court of Appeals has

stated that a failure to prosecute "can evidence itself either in an action lying dormant with no

significant activity to move it or in a pattern of dilatory tactics."  *Lyell Theatre Corp. v. Loews*

*Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  Also, in tandem, this Court's Local Rule of Civil Procedure

41(b), states that a judge may issue an order dismissing a civil case if it is pending for more than

six months and noncompliant with the judge's directions, or if no action has been taken by the

parties for more than six months.  Loc. R. Civ. P. 41(b).

When considering a Rule 41(b) dismissal, the district court must analyze the following

five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether
> plaintiff was on notice that failure to comply would result in dismissal, (3) whether
> the defendants are likely to be prejudiced by further delay in the proceedings, (4) a
> balancing of the court's interest in managing its docket with the plaintiff's interest
> in receiving a fair chance to be heard, and (5) whether the judge has adequately
> considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d at 535.  No factor is dispositive, and the Court must consider the record as a whole.

*Vail v. City of New York*, No. 18-CV-9169 (JPO), 2021 U.S. Dist. LEXIS 96175, at *3-4 (S.D.N.Y.

May 20, 2021).

Where a plaintiff is proceeding *pro se*, he or she "'should be granted special leniency" and his or her claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane*, 239 F.3d at 209. However, *pro se* litigants have an obligation to comply with a court's orders, and when they fail to do so, "they, like all litigants, must suffer the consequences of their actions." *Hibbert v. Apfel,* No. 99 Civ. 4246 (SAS), 2000 U.S. Dist. LEXIS 9791, at *1, *8 (S.D.N.Y. Jul. 14. 2000).

The Court considers below each of the five factors that determine whether a Rule 41(b) dismissal for failure to prosecute is warranted.

## A. Delay

Courts may dismiss an action for failure to prosecute when the delays are either repeated or of a long duration. *Graham v. Sullivan*, No. 86 Civ. 0163 (WK), 1999 U.S. Dist. LEXIS 17172, at *5 (S.D.N.Y. Nov. 5, 1999); *see also United States ex rel. Drake v. Norden Sys.,* 375 F.3d 248, 255 (2d Cir. 2004) (noting that a seventeen-month delay was not only significant, but also longer than delays that have supported dismissals in other cases.). However, a short delay in litigation may still result in a proper dismissal if the plaintiff has engaged in a pattern of intransigence such as continuously failing to comply with court orders relating to discovery. *Graham*, 1999 U.S. Dist. LEXIS 171272, at *6. In this Circuit, courts have previously dismissed cases pursuant to Rule 41(b) when the plaintiff's delay has fallen within the range of six months to twenty-one months. *Bentham v. City of New York,* No. 99-CV-8287 (NGG)(JMA), 2003 U.S. Dist. LEXIS 26761, at *6 (E.D.N.Y. Dec. 23, 2003) (collecting cases); *see also Peters-Turnbull v. Board of Educ. of City of New York,* No. 96-CV-4914, 1999 U.S. Dist. LEXIS 16079, at *8 (S.D.N.Y. Oct. 20, 1999) (holding that a delay between five and ten months was "comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss.").

Here, Plaintiff was noticed for a deposition on February 4, 2022 "more than 30 days prior to the scheduled deposition on March 8, 2022." ECF No. 47-1 at 1. However, as Defendants assert, "Plaintiff failed to appear at the deposition via webex" and did not contact Defendants to indicate that he was unable to appear. *Id.* at 2. In addition, Defendants contend that they did not receive responses to their initial discovery disclosures, nor did they receive copies of Plaintiff's "medical and mental health record." *Id.*

Based on the parties' briefing, it is clear to the Court that the six-month delay in this case from February 2022 through Plaintiff's reemergence in August 2022 occurred, at least in part, because Plaintiff failed to keep the Court and Defendants apprised of his address.[2] It is likely that the same can be said for Plaintiff's failure to provide requested medical records, failure to appear for his deposition, and failure to respond to Defendants' initial discovery disclosures. *Id.*

This factor presents a close call. On the one hand, Plaintiff's delay of six months is a duration of inactivity that falls within a sufficient time frame to warrant dismissal based upon case law in this Circuit. However, the Court also takes into consideration Plaintiff's *pro se* status and his assertion that he "was being housed in different locations through Broome County Department of Social Services" and that he did not have a "stable address."[3] ECF No. 53 at 2. It appears from the parties' briefing that Plaintiff was released from custody for a brief time only to be reincarcerated. Once back in custody, he was transferred to at least three different facilities—Elmira Correctional Facility for "reception," Greene Correctional Facility, and Marcy Correctional Facility.

---

[2] Under Local Rule of Civil Procedure 5.2, *pro se* litigants "must inform the Court immediately, in writing, of any change of address. Failure to do so may result in dismissal of the case, with prejudice." Local R. Civ. P. 5.2(d).

[3] To be sure, it is Plaintiff's duty to immediately notify the Court of any address change. And frequent address changes are not an excuse for a failure to comply with Local Rule of Civil Procedure 5.2.

While these transfers do not excuse Plaintiff's failure to keep the Court apprised of his current address, they are a mitigating circumstance which, given the "special leniency" afforded to *pro se* litigants in the setting of a Rule 41(b) analysis, *see LeSane*, 239 F.3d at 209, counsels against dismissal at this time. This is especially true in light of Plaintiff's assertion that he did not have access to a law library while held at Elmira Correctional Facility, ECF No. 50 at 1. *See Romandette v. Weetabix Co., Inc.*, 807 F.2d 309, 312 (2d Cir. 1986) (holding that the district court abused its discretion in dismissing the case for failure to prosecute where plaintiff's "six-month hiatus" in prosecuting his case "was readily explainable by his transfer to a county facility, a facility apparently lacking the library"). Accordingly, the Court finds this factor weighs against dismissal.

### B. Notice

With respect to a *pro se* plaintiff, the Second Circuit has noted that the notice given regarding dismissal must be more specific, in that at least one notice must warn the plaintiff that his or her failure to respond will result in dismissal. *Lucas*, 84 F.3d at 535; *Lewis v. Frayne*, 595 F. App'x 35, 37 (2d. Cir. 2014) (summary order).

Defendants contend that this factor weighs in favor of dismissal because "Plaintiff was on notice that his failure to comply with scheduling order [sic] could result in dismissal, because he had the scheduling order at the time of his release from the DOCCS custody." ECF No. 47-2 at 3 (citing ECF No. 40). Regardless of whether Plaintiff received Judge Pedersen's Scheduling Order prior to his release from custody, the Scheduling Order does not specifically warn Plaintiff that failure to comply with the deadlines therein will result in dismissal. *See generally* ECF No. 40.

Nor was any such warning issued to Plaintiff at any other point in this litigation by either this Court

or Judge Pedersen.[4]  Therefore, the Court finds that this factor weighs against dismissal.

### C.  Prejudice

Prejudice to a defendant resulting from unreasonable delay may be presumed as a matter

of law when a plaintiff fails to respond to discovery demands, comply with court orders, or provide

information that may be crucial to defendant's defense of the actions. *See Drake,* 375 F.3d at 256;

*Lyell*, 682 F.2d at 43; *Coss* 171 F.R.D. at 71-72.

Here, prejudice to Defendants due to Plaintiff's delay will be presumed given that Plaintiff

has failed to request and submit mandatory discovery materials and failed to make any progress

with his case for six months.  This factor weighs in favor of dismissal.

### D.  Docket Balance

This Court "must strike a balance between alleviating the congestion of its calendar and

protecting [plaintiff's] right to due process and his chance to be heard."  *Coss*, 171 F.R.D. at 72.

While Plaintiff's delay and lack of compliance in this case were significant, this action has only

been pending since 2021 and has not been a significant burden on this Court's calendar.

Accordingly, the Court finds that this factor weighs against dismissal.

### E.  Sanctions

Courts in this Circuit have determined that monetary sanctions are usually not appropriate

for a *pro se* and/or in forma pauperis plaintiff.  *Henderson v. Levy*, No. 15-CV-802-RJA-MJR,

2019 U.S. Dist. LEXIS 34211 at *12 (W.D.N.Y. March 1, 2019).  Given that Plaintiff is *pro se*

and proceeding *in forma pauperis* in this case, the Court finds that monetary sanctions would not

---

[4] Of course, as explained above, Plaintiff should have been aware of his duty to comply with Local Rule of Civil Procedure 5.2 and thus he was generally on notice that failure to comply with that Rule could result in dismissal. However, as stated above, he was never specifically given notice, through an Order to Show Cause or otherwise, that failure to respond to the Court would result in dismissal.

be appropriate.  In addition, based on the analysis above, the Court declines to provide a sanction less drastic than dismissal at this juncture but will reconsider that decision at the appropriate time if Plaintiff's failure to comply with deadlines should continue.[5]

### F.  Weighing of the Factors

Because the balance of the factors does not weigh in favor of dismissal for failure to prosecute, and weigh against the imposition of a less drastic sanction at this time, Defendants' motion to dismiss pursuant to Rule 41(b) and Rule 37 is DENIED WITHOUT PREJUDICE to renewal should Plaintiff's conduct result in further delays or failure to comply with Court orders and/or deadlines.

## II.   Defendants' Request for an Order to Show Cause

Based on the analysis above, the Court declines to issue an Order to Show Cause at this time, especially given that Plaintiff has provided an updated address and is seemingly reengaged in this case.  **However, Plaintiff is warned that further delays or failures to comply with orders from the court in this action may result in the dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(b).**

## III.  Defendants' Request to Hold all Other Deadlines in Abeyance Until Plaintiff's Deposition is Fully Completed

Defendants request that the Court "hold all other deadlines in abeyance until Plaintiff's deposition is fully completed." ECF No. 47-2 at 2.  The Court defers this request to Judge Pedersen who has been referred on this case for all pretrial matters excluding dispositive motions.  ECF No. 29.  Because many of the discovery deadlines in this case passed during Plaintiff's period of absence, the parties are instructed to contact Judge Pedersen's Chambers to set a scheduling

---

[5] "For practical purposes, courts have found that the factors to be addressed in a Rule 41(b) analysis are relevant to an analysis under Rule 37(b), and there is little distinction between the two." *McNair v. Ponte*, No. 16-CV-1722, 2019 WL 1428349, at *5 (S.D.N.Y. March 29, 2019).

conference so that a new scheduling order may be issued.  Defendants may address the issue of an abeyance with Judge Pedersen at that time.

## IV.      Plaintiff's Request for Document Copies

On August 31, 2022, Plaintiff requested copies of "any and all motions that are relevent [sic] to the above mentioned case", ECF No. 50 at 1, and, on September 26, 2022, Plaintiff requested "a copy of every document, letter and motion pertaining to the above mentioned case," ECF No. 52 at 1.  Plaintiff must submit a Photocopy Request Form to the Office of Clerk of Court to make document requests regarding his District Court docket.[6]

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, ECF No. 47, is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: October 17, 2022
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[6] The form may be accessed at https://www.nywd.uscourts.gov/sites/nywd/files/copy_request_form.pdf